# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA BARONOWSKI a/k/a<br>PATRICIA BARONOWSKI-SCHNIEDER<br>and PRISTINE ADVISERS LLC,<br>    Plaintiffs,<br><br>    v.<br><br>LIZA PARKER a/k/a LIZA JANE PARKER<br>*et al.*,<br>    Defendant. | No. 3:16-cv-1816 (VAB) |

## ORDER TO VACATE ENTRY OF JUDGMENT

For the following reasons, the Court **VACATES** the entry judgment as to Liza Parker ("Defendant"). ECF No. 19.

On November 3, 2016, Patricia Baranowski and Pristine Advisers LLC (collectively "Plaintiffs") sued Liza Parker, Thunderbird Investing LLC, and All-Wing Cooperative LLC ("All Wing") seeking to hold Plaintiffs jointly and severally liable for an alleged debt due and owing in the sum of $1,509,7500. ECF No. 1. Plaintiffs' Complaint includes five counts under Connecticut law: breach of oral contract, breach of written contract, fraud, unjust enrichment, and debt.

The Court takes jurisdiction under 28 U.S.C. § 1332.

On January 11, 2017, Ms. Parker appeared in this matter proceeding *pro se*. ECF No. 10.

On January 23, 2018, default was entered against Ms. Parker. ECF No. 19. That same day, Plaintiffs moved for default judgment against Ms. Parter. ECF No. 20. The motion remains pending.

1

At Plaintiffs' request, ECF No. ECF No. 18, the Court held a telephonic status conference on February, 2018, to inquire about Ms. Parker's status and whether she intends to respond to the Complaint. ECF No. 23.

When a party misses a deadline without requesting an extension, the Court may only extend such deadline and accept the late filing if the party shows that the delay was caused by "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether excusable neglect exists is a determination made at the district court's discretion. *Ford v. New York City Transit Auth.*, 43 Fed. App'x 445, 449 (2d Cir. 2002) (upholding the district court's refusal to accept a late filing under Rule 6 because counsel's explanation did not address why he could not have requested an extension before the deadline passed); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (affirming a district court's rejection of a late filing).

The inquiry into whether the neglect was "excusable" is an "equitable inquiry" taking into account the following four factors: "(1) the danger of prejudice to the [other party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Falls v. Novartis Pharms. Corp.*, No. 3:13-CV-270 JBA, 2014 WL 3810246, at *2 (Aug. 1, 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Second Circuit has focused on the third factor as critical in the analysis. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003).

Ms. Parker's failure to respond to the Complaint is excusable. During the telephonic status conference, Ms. Parker represented that she is no longer living at the address on file with the Court and never received the Complaint and therefore was unable to answer it. Plaintiffs have

not suggested that Ms. Parker was acting in bad faith or that they would suffer prejudice as a result of delay. Therefore, Ms. Parker's neglect is excusable.

Based on the fact that Ms. Parker entered her appearance and has representation that she did not receive the Complaint, consistent with the "special solicitude" courts afford *pro se* litigants, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court *sua sponte* **VACATES** the entry of default against Ms. Parker.[1]

The Court directs Ms. Parker to update the Court of her currently mailing address as soon as practicable and to respond to the Complaint by March 30, 2018. If she does not respond by this date, she runs the risk of judgment entering against her.

Once Ms. Parker has updated her mailing address, the Clerk of the Court is instructed to mail Ms. Parker a copy of this Order; the Complaint, ECF No. 1; and the docket sheet.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of February, 2018.

                    /s/ Victor A. Bolden
                    VICTOR A. BOLDEN
                    UNITED STATES DISTRICT JUDGE

---

[1] The entry of default as to All-Wing Cooperative LLC, ECF No. 14, remains undisturbed.