UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA BARANOWSKI *et al.*,
    *Plaintiffs*,

v.

LIZA PARKER *et al.*,
    *Defendants*.

No. 3:16-cv-01816 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS
AND MOTION FOR DEFAULT JUDGMENT**

Patricia Baranowski and Pristine Advisers, LLC (collectively "Plaintiffs") have sued Liza Parker, Thunderbird Investing, LLC, and All-Wing Cooperative, LLC (collectively "Defendants"), alleging breach of contract, fraud, unjust enrichment, and debt.

Defendants have moved to dismiss the Complaint. Plaintiffs have moved for entry of default judgment against All-Wing Cooperative, LLC.

For the following reasons, the motion to dismiss is **DENIED**. The motion for default judgment is **DENIED** without prejudice.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs have sued Defendants seeking resolution of a contract dispute. Ms. Baranowski (also known as Patricia Baronowski-Schneider) is a resident of the State of New York. Compl. ¶ 1. Pristine Advisers, LLC, organized under the laws of the State of New York, maintains its principle place of business in New York. *Id.* ¶ 2. Plaintiffs allege that Ms. Parker (also known as Liza Jane Parker) is a resident of the State of Connecticut and that both Thunderbird Investing, LLC, and All-Wing Cooperative, LLC, are organized under the laws of Connecticut and maintain their principal place of business there. *Id.* ¶¶ 3–5.

1

### A. Factual Allegations

In June of 2016, Plaintiffs allege that Plaintiffs and Defendants allegedly entered into an oral agreement for Plaintiffs to loan Defendants $97,000. *Id.* ¶ 9. Plaintiffs allegedly expected to be repaid in full by October of 2016.

On August 4, 2016, the parties allegedly executed a written contract memorializing the oral agreement for Plaintiffs to loan $97,000 to Defendants, and to repay it in full before October of 2016. *Id.* ¶¶ 10, 15. Although Plaintiffs allegedly loaned the money as promised under the parties' agreement, Defendants have not repaid any of the money lent to them. *Id.* ¶¶ 11, 16.

Plaintiffs further allege that, when they entered into the parties' agreement, Defendants "knew they were not seeking to borrow funds" but instead, were "orchestrating a scam to secure funds from Plaintiffs with no intention of ever returning any such funds obtained from Plaintiffs." *Id.* ¶ 21. Defendants allegedly knew that Defendants did not intend to invest Plaintiffs' funds and had no intention of ever returning such funds or any return on the investment. *Id.* ¶ 22. Defendants allegedly knew these representations were false, knew that the representations were made with the purpose of deceiving Plaintiffs, and knew that Plaintiffs relied upon their representations. *Id.* ¶¶ 23–24.

### B. Procedural Background

Plaintiffs' lawsuit, brought under under 28 U.S.C. § 1332 and seeking to invoke diversity jurisdiction, raises five separate claims: (1) breach of an oral contract (Count One); (2) breach of a written contract (Count Two); (3) common-law fraud (Counter Three); (4) unjust enrichment (Count Four); and (5) action in debt (Count Five). Plaintiffs seek judgment against Defendants, jointly and severally (1) in the principal amount of the debt, namely $97,500; (2) the agreed upon

transaction fee of $15,000; (3) pre-and-post judgment interest; and (4) reasonable attorneys' fees and costs.

On April 25, 2018, default entered against All-Wing Cooperative, LLC. ECF No. 14. On May 29, 2018, on behalf of Defendants, and proceeding *pro se*, Ms. Parker moved to dismiss the Complaint. ECF No. 34.

## II. STANDARD OF REVIEW

*Pro se* filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants). These filings raise issues under Rule 8, 9 and 55 of the Federal Rules of Civil Procedure.

### A. Rule 8 of the Federal Rules of Civil Procedure

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), cert. denied, 537 U.S. 1089 (2002).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

B.     **Rule 9 of the Federal Rules of Civil Procedure**

This case also involves a claim of common law fraud in Count Three. As a result, the heightened pleading standard of Rule 9(b) applies to the allegations related to that Count. Under

4

that Rule, the plaintiff must state "the circumstances constituting fraud . . . with particularity." Fed. R. Civ. P. 9(b). That is, the plaintiff must "'specify the time, place, speaker, and content of the alleged misrepresentations,' 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Cohen*, 711 F.3d at 359 (quoting *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Rule 9(b) also states that although fraud must be pled with particularity, the "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000) ("while the 'actual ... fraud alleged must be stated with particularly ... the requisite intent of the alleged [perpetrator of the fraud] need not be alleged with great specificity.' " (quoting *Chill v. General Elec. Co.*, 101 F.3d 263, 267 (2d Cir. 1996))).

### C. Rule 55 of the Federal Rules of Civil Procedure

Under Federal Rule of Civil Procedure 55, a plaintiff may obtain a default judgment against a defendant who fails to plead in opposition to or otherwise defend against the lawsuit. Fed. R. Civ. P. 55(a); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step is to seek entry of default. *Green*, 420 F.3d at 104. "When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against a party that

has not appeared or defended." *Id.* "Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." *Coles v. Lieberman, Michaels & Kelly, LLC*, No. 10-cv-484S, 2011 WL 3176467, at *1 (W.D.N.Y. July 27, 2011) (citation omitted); *see also Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 108 ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."))).

The second step is to seek a default judgment under Rule 55(b). "Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person. In all other cases, Rule 55(b)(2) governs, and it requires a party seeking a judgment by default to apply to the [C]ourt for entry of a default judgment." *Green*, 420 F.3d at 104 (internal citation and quotation marks omitted). Under Rule 55(b)(2), a court must determine whether liability is appropriate, based on the facts alleged in the Complaint. *Coles*, 2011 WL 3176467, at *1 (citation omitted); *accord United States v. Bunbury*, 15-cv-3764 (JS), 2015 9050581, at *1 (E.D.N.Y. De. 15, 2015) ("[I]n determining a motion for default judgment, the Court is responsible for ensuring that the pleadings provide an appropriate basis for liability." (citing *United States v. Kemp*, No. 15-cv-02419 (PKC), 2015 WL 6620624, at *2 (E.D.N.Y. Oct. 30, 2015))). The burden is on the plaintiff seeking default judgment to establish damages with reasonable certainty. *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 500 (S.D.N.Y. 2013).

The Second Circuit has expressed a strong preference for resolving disputes on the merits. *Green*, 420 F.3d at 104 (citation omitted). "A default judgment is the most severe sanction which the court may apply . . . [and] all doubts must be resolved in favor of the party seeking relief from the default judgment." *Id.* (internal quotation marks omitted); *Abreu v. Nicholls*, 368 Fed. App'x. 191, 192 (2d Cir. 2010); *see also Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) ("Dismissal with prejudice is a harsh remedy to be utilized only in extreme situations").

## III. DISCUSSION

### A. Motion to Dismiss

Ms. Parker argues that this case should be dismissed.[1] Liberally construed, Ms. Parker alleges that any injury Plaintiffs have suffered has resulted from a massive fraud committed against Ms. Parker between 2016 and 2017. Mot. to Dismiss at 1. Namely, she claims that "a consortium of Russian and African based criminals" hacked her e-mails, Skype account, and social media and telephone accounts, which required her to close these same accounts. *Id.* She maintains that her former husband committed illegal real estate transactions, failed to make payments toward Ms. Parker's real-estate, and stole her personal possessions, leaving her without a home, job, her dependents, or any possessions. *Id.*

Ms. Parker claims that she wrote a business plan to raise money and received an opportunity to manage funds for a Mark Taylor. *Id.* She claims she was investing funds that were paid directly to a "Diplomatic facilitator who was responsible for moving the funds to the US." Although arrangements were allegedly made for "Diplomatic delivery of funds" to Defendants,

---

[1] Ms. Parker does not appear to challenge the Court's jurisdiction over the subject or her person, venue, sufficiency of service or process, or joinder, so the Court treats the motion as made under Fed. R. Civ. P. 12(b)(6).

Defendants never came into possession of the funds. Ms. Parker maintains that "there is no evidence that funds were transmitted to [Defendants] by Plaintiff[s]." *Id.* In other words, Ms. Parker asserts that civil liability should not attach because the injury of which Plaintiffs complain befell Ms. Parker too.

Federal Rule 12(b), however, "is a method of testing the sufficiency of the statement of the claim for relief." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1349 (3d ed. 1998). But rather than challenge whether Plaintiffs have provided the "grounds" of their "entitle[ment] to relief," Fed. R. Civ. P. 12(b)(6); *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."), Ms. Parker seeks to address the merits of Plaintiffs claims.

It is well-settled that the role of the court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984)). The Court declines to weigh in on whether Ms. Parker is or should be liable given the claims Plaintiffs allege. At this state of the case, this inquiry is improper. *See Iqbal*, 556 U.S. at 678 (requiring a court reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6) to take all factual allegations in the complaint as true); *see also DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (vacating the decision below to the extent that the court "assay[ed] the weight of the evidence" and improperly chose between reasonably competing interpretations).

Ms. Parker has failed to show that the Complaint lacks sufficient factual matter that, if accepted as true, would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court therefore denies the motion to dismiss. Ms. Parker is directed to answer the Complaint by September 21, 2018.

### B. Default Judgment

Plaintiffs seeks an entry of judgment by default against All-Wing Cooperative, LLC. Under Federal Rule of Civil Procedure 55(b), an entry of a default judgment can be accomplished in one of two ways. First, under Fed. R. Civ. P. 55(b)(1), if the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation," the Clerk of the Court, at the plaintiff's request and with an affidavit showing the amount due, must enter judgment for that amount and costs against a defendant who has been defaulted.

In all other cases, the party must apply to the Court for a default judgment under Fed. R. Civ. P. 55(b)(2). The court may require a hearing—preserving any federal statutory right to a jury trial—when, to enter judgment, it needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.*

Plaintiffs move under 55(b)(1).

As a preliminary matter, proceeding *pro se*, Ms. Parker states that she moves to dismiss the Complaint on behalf of Thunderbird Investing, LLC, and All Wing Cooperative, LLC. Mot. to Dismiss at 1, ECF No. 34.

Limited liability corporations must be represented by licensed counsel within the Second Circuit. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (requiring sole member LLC to appear through licensed counsel); *Lundstedt v. People's United Bank*, No. 3:14-cv-01479

(JAM), 2015 WL 540988, at *3 (D. Conn. Feb. 10, 2015) (dismissing individual case and noting that LLC could file a renewed action only if represented by a licensed attorney).

All-Wing Cooperative therefore has failed to appear in this matter. All-Wing Cooperative must find counsel and enter an appearance in this case by September 21, 2018. *See, e.g.*, *Lattanzio*, 481 F.3d at 140 (granting 45 days to find counsel and appear in order to renew appeal). If it does not do so, the LLC risks default or other sanctions. *See generally* Fed. R. Civ. P. 55 (describing procedures for default judgment where a party fails to plead or otherwise defend an action); *U.S. Fidelity. & Guaranty Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 407 (S.D.N.Y. 2004) (declining to enter default judgment where defendants had failed to find new counsel within time period provided by the court but awarding attorneys' fees to the opposing party).

The Court therefore denies Plaintiffs' motion for default judgment against the All-Wing Cooperative without prejudice to renewal.

## IV.   CONCLUSION

For the reasons discussed above, the motion to dismiss is **DENIED**. The motion for default judgment is **DENIED** without prejudice.

Ms. Parker is direct to file an Answer by September 21, 2018. All-Wing Cooperative is instructed to find counsel and enter an appearance in this case by September 21, 2018.[2]

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of July, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] If an appearance is entered by September 21, 2018, but additional time is needed to respond to the Complaint, any counsel appearing for All-Wing Cooperative also should move by September 21, 2018 for an extension of time.